[960 NYS2d 327]

In the Matter of ROBERT MICHAEL IBRAHAM, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 13, 2013

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

*Altchiler, LLC*, New York City (*Robert Y. Altchiler* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

On January 11, 2012, the respondent entered a plea of guilty in the Supreme Court, Suffolk County, to eight counts of residential mortgage fraud in the second degree, a class C felony, in violation of Penal Law § 187.20, and one count of scheme to defraud in the first degree, a class E felony, in violation of Penal Law § 190.65 (1) (b).

The certified transcript of the plea minutes reveals that the respondent admitted, inter alia, that between the dates of October 1, 2007 and April 28, 2009, he acted as bank attorney and settlement agent in numerous real estate closings at his office in Brentwood. During this period, the respondent engaged in a systematic, ongoing course of fraudulent conduct to misrepresent purchaser contributions in real estate transactions. He did so in order to obtain loan proceeds from multiple lenders. Had the lenders known that the purchasers were not contributing the amounts listed on the HUD-1 settlement statements, which the respondent signed, they would not have disbursed the proceeds. In the absence of such disbursements, the respondent would have not have received the loan proceeds in his capacity as bank attorney. The respondent's admitted intention was to defraud the mortgage lenders.

As of the date of his plea, the respondent had ceased practicing law and wound down his practice. He has not yet been sentenced.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his felony convictions. The respondent does not oppose the Grievance Committee's motion.

By virtue of his felony convictions, the respondent ceased to be an attorney and counselor-at-law pursuant to Judiciary Law § 90 (4) (a), and was automatically disbarred on January 11, 2012. Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, effective January 11, 2012, and the respondent's name is stricken from the roll of attorneys based on his disbarment.

Eng, P.J., Mastro, Rivera, Skelos and Cohen, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Robert Michael Ibraham, is disbarred, effective Janu-

ary 11, 2012, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Robert Michael Ibraham, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Robert Michael Ibraham, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, Robert Michael Ibraham, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).